David Douglas Fennell
101 Broadway, Suite 222
Oakland, CA 94607
Phone: (916) 307-6918




UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID FENNELL

    Plaintiff;

vs.

XAVIER BECERRA in his official capacity as California Attorney General,

    Defendant.

Case No. C20-1522 JCS

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

DEMAND FOR JURY TRIAL

Plaintiff David Douglas Fennell, in his capacity as a private citizen, and Federal whistleblower and Republican candidate for California Lieutenant Governor brings this action against Xavier Becerra, in his official capacity as Attorney General of California, to have the "matter of public interest" clause of California's anti-SLAPP statute (CCP § 425.16) be declared unconstitutional and to enjoin its enforcement. The Plaintiff has legal standing in this case due to dozens of anti-SLAPP motions filed against him in San Mateo County Superior Court Case CIV492126 in order to block discovery and police reports filed by Republicans exposing money laundering and political influence peddling being conducted by Democrat donors. Similar anti-SLAPP provisions and two state anti-SLAPP statutes have already been struck down as unconstitutional. The Washington State statute was declared unconstitutional in 2015. The Minnesota anti-SLAPP statute was declared unconstitutional in 2017. This court needs to now declare California's anti-SLAPP statute as unconstitutional in 2020.

1

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

1. The First Amendment bars States from passing laws to retaliate against an individual for his or her political associations or speech. States cannot pass legislation "when the specific motivating ideology or the opinion or perspective of the speaker is the rationale." *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995).

2. The California anti-SLAPP provision is being used specifically to suppress free speech by Republicans in violation of the US Constitution.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction because this action arises under the Constitution and laws of the United States, 28 U.S.C. § 1331, and alleges civil-rights violations, id. § 1343.

4. Venue is proper because a substantial part of the events or omissions giving rise to the claims occurred in this District, and the Plaintiff resides in this District and the crimes were originally uncovered in San Mateo County.

## PARTIES

5. Plaintiff is a Republican candidate for California Lieutenant Governor and a Federal Whistleblower.

6. Defendant Xavier Becerra is the Attorney General of California. Defendant Becerra is charged with the duty to see that the laws of California are uniformly and adequately enforced. He is sued in his official capacity.

## STATEMENT OF FACTS

7. Plaintiff is a Federal Whistleblower and Silicon Valley insider who has been providing the US government information in multiple high-profile fraud cases which includes

2

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Stanford alumni faking their data for illegal stock gain and violations of FDIC, FTC, ERISA and SEC regulations in the "Wall Street West" areas of San Mateo County.

8. The cases he has provided information includes:

| | |
|---|---|
| United Commercial Bank | $2.5 Billion Fraud[1] |
| Solyndra | $2 Billion Fraud[2] |
| Theranos | $9 Billion Fraud[3] |
| Konocti Harbor | $35 Million Fraud[4] |
| American Sterling Bank | $44 Million[5] |

9. Since white-collar crime "follows the money" it should surprise nobody that with all of the West Coast's tech IPOs that Wall Street criminals "followed the money" to California and set up massive white-collar criminal and antitrust activities in San Mateo County just 15 miles North of Silicon Valley and 30 miles South of San Francisco.

10. The enforcement of white-collar crime is complicated by the fact that three areas of San Mateo County have always been known for white-collar crime and there has long been a "gentleman's agreement" that white-collar crime that would not be allowed in San Francisco would be allowed to operate openly without police interference across the border in San Mateo County in industrial and rural areas.

11. The police do not take police reports for white-collar crime in these areas of San Mateo County and clearly there are illegal operations in San Mateo County where California politicians and State regulators are aware of the crime and allow it to operate openly, if not

---

[1] "**SEC Charges Bank Executives With Hiding Millions of Dollars in Losses During 2008 Financial Crisis**", October 11, 2011. https://www.sec.gov/news/press/2011/2011-202.htm.
[2] Dinan, Stephen. "**Obama Clean Energy Loans Leave Taxpayers in $2.2 Billion Hole.**" The Washington Times. The Washington Times, April 27, 2015.
[3] "**Theranos Founder and Former Chief Operating Officer Charged In Alleged Wire Fraud Schemes.**" The United States Department of Justice, June 15, 2018.
[4] "**Labor Department Sues Plumbers' Union for $36 Million in ERISA Fraud.**" U.S. Department of Labor, November 22, 2004. https://www.dol.gov/newsroom/releases/ebsa/ebsa20041122.
[5] "**Failed Bank Information for American Sterling Bank.**" FDIC, April 17, 2009. https://www.fdic.gov/bank/individual/failed/amsterling.html.

3

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

playing a willing participant. California media does not cover fraud unless first exposed by Federal agents or a book. The fraud in this case was uncovered across the street from where BALCO openly sold steroids for years to athletes like Barry Bonds until it was exposed by the book "Game of Shadows: Barry Bonds, BALCO, and the Steroids Scandal that Rocked Professional Sports."[6] Clearly the local police were aware of the illegal steroids manufacturing and one police officer has been arrested for using steroids and police have recently been fired for asking a woman to trade sex for help with charges.[7] There is a known police corruption problem in San Mateo County.[8][9] The police have told the Plaintiff "To stop mouthing off about fraud in San Mateo County if you know what is good for you" and told him to stop talking to the FBI. The Plaintiff reported the fraud to his San Mateo County State Senator Leland Yee whose staff seemed aware of the fraud and were annoyed he reported it. State Senator Leland Yee was later arrested by the FBI and is currently serving 5 years in Federal prison for bribery and connection to a murder for hire plot. Corruption has long been part of the culture in San Mateo County.[10]

12. The California Attorney General has made it known that he is not going to prosecute white-collar crime in Silicon Valley and in fact has instructed local officials not to cooperate with the Federal government. The California Attorney General has filed more than 50

---

[6] Given, Karen. "**Once Imprisoned For Providing Steroids, BALCO Founder Switches Sides.**" Once Imprisoned For Providing Steroids, BALCO Founder Switches Sides | Only A Game. WBUR, June 30, 2017. https://www.wbur.org/onlyagame/2017/06/30/balco-steroids-victor-conte-sports-illustrated.

[7] Peele, Thomas. "**Burlingame Cop Fired for Asking Woman to Trade Sex for Help With Charges.**" KQED, January 7, 2019. https://www.kqed.org/news/11716343/police-records-law-burlingame-cop-fired-for-asking-woman-to-trade-sex-for-help-with-charges.

[8] Reports, Staff. "**Former Burlingame Police Gets Six Years on Molestation Charge**." East Bay Times. East Bay Times, August 15, 2016. https://www.eastbaytimes.com/2008/07/18/former-burlingame-police-employee-gets-six-years-on-molestation-charge-2/.

[9] Mintz, Howard. "**Former Peninsula Cop's Death Sentence Upheld in Bodies-in-Barrels Murder Case.**" The Mercury News. The Mercury News, August 13, 2016. https://www.mercurynews.com/2013/08/06/former-peninsula-cops-death-sentence-upheld-in-bodies-in-barrels-murder-case/.

[10] "**Former State Senator Leland Yee and Three Others Plead Guilty to Racketeering**." FBI. FBI, July 1, 2015. https://www.fbi.gov/contact-us/field-offices/sanfrancisco/news/press-releases/former-state-senator-leland-yee-and-three-others-plead-guilty-to-racketeering.

4

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

lawsuits against the Trump administration and is actively supporting laws that block Republican political opponents.[11]

13. The Plaintiff became frustrated with fraud of the DotCom era because as a Silicon Valley entrepreneur whose parents and extended family were early tech pioneers (XEROX PARC, Texas Instruments, Applied Materials, "Blue Cube" etc.) and he himself had his first job out of college selling NeXT Computers for Steve Jobs, he found it impossible to compete against Stanford kids faking their data.

14. Taking an example from BALCO being exposed by the book "Game of Shadows" the Plaintiff decided to write a tell all book exposing Silicon Valley fraud titled "Trouble in Cyberspace: What Google and Facebook don't want you to know." Since the Plaintiff focused his undergraduate research on antitrust and SEC, FTC, FDIC, ERISA regulations while earning his Bachelor of Science in Commerce at the Leavey School of Business at Santa Clara University he not only knew how to spot fake data (which young Federal regulators seem to struggle with due to lack of business background as most are former military or have East Coast liberal arts degrees) but he also knew exactly the rules and regulations that were not being followed along with the corrective measures.

15. In 2008, the Plaintiff's had a book agent in New York ask him to rewrite chapters, and to break up the solitude of writing he decided to volunteer at the local San Mateo County GOP office as John McCain / Sarah Palin were running for office. Ironically, he and other volunteers were being turned away and it was only after insisting that he be allowed to volunteer that he and other interns found keys to a locked storage room, and while plugging in old computers, he found email evidence of money laundering and an email trail that showed that Democrat donor and insiders were in fact rigging internal GOP elections and GOP delegates and

[11] Wiley, Hannah. "**For 50th Time, California Sues the Trump Administration - 'That's a Lot of Lawsuits'**." sacbee. The Sacramento Bee, May 13, 2019. https://www.sacbee.com/news/politics-government/capitol-alert/article230340579.html.

endorsements inside Republican offices across California and that the person running the San Mateo County McCain Palin 2008 Victory Center was in fact a paid Democrat operative who was stealing campaign funds. The files also showed FDIC bank fraud and pay to play operations where you had to pay political operatives to run for office and throw elections and that you would get payment from Democrat insider donors to block actual Republican candidates. These files connected the white-collar crime of Silicon Valley to political fraud that would block any outsider from running for office that might expose the fraud. In addition, members of the community began coming to the office exposing more fraud being committed by local Democrat officials.

16. The Plaintiff went to the police with the FDIC bank fraud but the local police informed him that it was the policy of the Attorney General and local officials that police were not allowed to take police report for white-collar crime without a court order.

17. The individuals committing the fraud found out that the Plaintiff had gone to law enforcement to expose the FDIC fraud, the pay to play operation, and money laundering - and as often happens to whistleblowers the Plaintiff was libeled and threatened with violence.

18. Since that time the Plaintiff has repeatedly sought to run for office to become Chair of the California Republican Party and now Lieutenant Governor to expose the RICO operations. Each time he attempts to run for office he is libeled, banned from attending Republican events though he is a registered candidate and threatened with violence (Federal investigators instructed the Plaintiff to take the threats seriously).

19. The Plaintiff became a Federal whistleblower in 2009 and since that time has had more than 50 meetings with Federal, State and local law enforcement. It is unclear why exactly there have been so few arrests. Some in the community believe there is a "deep state" issue and others believe there is just terrible bureaucratic confusion that has been further complicated by retiring baby boomers being replaced by millennials who are just simply new to the job. What is clear is that State Attorney Generals Jerry Brown, Kamala Harris, and now Xavier Becerra don't have much interest in investigating paid Democrats sabotaging Republican campaigns. It is clear

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Kamala Harris would not have been elected Attorney General had the fraud been addressed when first uncovered in 2008. Essentially Democrats have no political opposition in elections due to fraud. Why would they want to investigate crimes that might prevent them from being reelected? California is not really a blue state it is a state where Republicans could win if they were allowed to assemble and run for office.

20. The problem the FBI seems to have is the way the process is supposed to work is a whistleblower who uncovers white-collar crime or political influence peddling is supposed to report the fraud to the local police who takes police reports and sends that to the local District Attorney, State Attorney or up to the FBI. The Plaintiff keeps being told by Federal agents to go back where the fraud was uncovered and go to the police as it is their jurisdiction and they should call the FBI. But, this falls apart when you have a local corruption problem and the local police want the fraud to continue and won't do anything unless ordered to do so by a court.

21. One problem is that Stanford attorneys and politicians have actually introduced laws that in the eyes of the local court make money laundering, faking data and political influence peddling not only legal in California but they have also passed laws that make it legal to libel and threaten whistleblowers who report crimes and makes it illegal for Republican opponents to assemble in California.

22. At the heart of this is the California anti-SLAPP law which differs from every other anti-SLAPP law in the USA. Anti-SLAPP laws are designed to provide for early dismissal of meritless lawsuits filed against people for the exercise of First Amendment rights. The acronym "SLAPP" stands for "Strategic Lawsuit Against Public Participation – a phrase coined by two law school professors in the late 1980s. They identified a trend of retaliatory lawsuits brought to intimidate and silence opponents and critics who had spoken out in the public sphere, typically on land use and land development issues. In these cases, the actual resolution of the plaintiff's claims – for defamation, tortious interference or related theories – was a secondary motivation at best.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

23. The problem is that anti-SLAPP laws have been turned on their heads and are now actually being used to block the free speech they were supposed to protect.

24. Two state anti-SLAPP statutes have been struck down as unconstitutional.

25. The Washington State statute was declared unconstitutional in 2015.[12] The Court decision holds that the law violates the state constitutional protection for the right to trial by jury. Specifically, the court held that the requirement that a plaintiff "establish by clear and convincing evidence a probability of prevailing on the claim" meant that the trial court had to weigh and decide disputed factual evidence, which is the purview of a jury. The Court, holding the law's plain language requires a judge deciding an anti-SLAPP motion to rule on factual issues and dismiss even non-frivolous claims if they do not meet the "clear and convincing" standard. That, the court held, "creates a truncated adjudication of the merits of a plaintiffs claim," and "invades the jury's essential role of deciding debatable questions of fact."

26. The Minnesota anti-SLAPP statute was declared unconstitutional in 2017.[13] That Court determined that the clear and convincing burden set such a high bar for plaintiffs to meet that it effectively deprived litigants of their right to a jury trial under the constitution.

27. Essentially anti-SLAPP is denying Plaintiff's day in court and access to discovery and a jury trial. The problem is overzealous and politically connected Judges are throwing out legitimate cases without allowing Discovery.

28. California has a unique and unconstitutional variant of anti-SLAPP legislation. In 1992 California enacted Code of Civil Procedure § 425.16. It provides for a special motion that a defendant can file at the outset of a lawsuit to strike a complaint when it arises from

---

[12] "**State Supreme Court Strikes Down Washington's Anti-SLAPP Statute**": Insights: Davis Wright Tremaine. Insights | Davis Wright Tremaine. Accessed February 29, 2020. https://www.dwt.com/insights/2015/05/state-supreme-court-strikes-down-washingtons-antis.
[13] Adkisson, Jay. "**Minnesota Court Of Appeals Boots Clear And Convincing Anti-SLAPP Burden Of Proof.**" Forbes. Forbes Magazine, January 13, 2017. https://www.forbes.com/sites/jayadkisson/2017/01/13/minnesota-court-of-appeals-boots-clear-and-convincing-anti-slapp-burden-of-proof/#44c69cee4b72.

8

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

conduct that falls within the rights of petition or free speech. The statute expressly applies to any writing or speech made in connection with an issue under consideration or review by a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, but there is no requirement that the writing or speech be promulgated directly to the official body. It also applies to speech in a public forum about "an issue of public interest" and to any other petition or speech conduct about an issue of public interest.

29.   This case arises from the Plaintiff trying to get a police report for money laundering, FDIC banking fraud and political influence peddling as well as libel and threats of violence. Since the local police require a court order for a police report the Plaintiff filed a case in San Mateo County Superior Court in Case CIV492126.

30.   The attorneys for the Defendants made the unusual argument not that their Defendants were not Democrats committing fraud in a Republican office or that they did not commit $44 million in FDIC bank fraud. But, that bank fraud and political influence peddling and suppressing Republicans is a "matter of public interest" and therefore the case was not only to be thrown out but the Plaintiff as a Republican was to be banned for running for office or requesting future police reports.

31.   In California Appeals court case A129558 Platinff David Fennell vs Meg Whitman in Appeal from CIV492126 it was further argued that slandering whistleblowers was legal under anti-SLAPP as it was a matter of public interest.

> *The alleged slander from which the second cause of action arises allegedly occurred in the context of Appellant' supposed discovery of fraud and other impropriety on the part of the California Republican Party and his statements about alleged discovers. (CT 31:20-23). It is hard to dispute that a statement made outside of a political party headquarters about the person who accused that party of grave misconduct is anything other than an "oral statement or writing made in a place open to the public or a*

*public form in connection with an issue of public interest"* as described by California Code of Civil Procedure 425.16(e)(4).

32. Essentially, Democrats are arguing that suppressing Republicans is "a matter or public interest" and therefore you can ban Republicans and block FDIC whistleblowers in California.

33. This argument is totally bewildering to the young FBI agents.

34. To Federal agents, individuals in leadership positions were required as "controlling persons" to address the fraud once reported. So essentially by filing these signed statements of anti-SLAPP the Defense has revealed they are aware of fraud and did nothing about it. Under Federal law once fraud is reported to leadership they need to take action or have systems in place to address the fraud in order to have an affirmative defense. You can't ignore the fraud and libel Federal whistleblowers as it violates Federal Whistleblower laws. Federal agents cannot address white-collar crime without the cooperation of whistleblowers. You can't have Democracy without allowing political opposition.

35. Nobody had ever heard of a law banning Republicans as that seems like something out of a Banana Republic. In addition, there is concern that Federal investigators at the FEC have showed financial transactions between the Judge who ruled in favor of banning Republicans and the individuals committing $44 million in bank fraud though this clearly violates Judicial Ethics laws in California but State agencies have found nothing wrong with the payments. It also failed to find a problem that the Judge's son was the attorney for Democrat Senator Dianne Feinstein. Clearly this impacted the judge's ruling against Republicans.

36. Who will investigate the California investigators that are covering up the fraud? As this is being filed the mayor of San Francisco, London Breed, is under scrutiny for her ties to Department of Public Works director Mohammed Nuru who has been arrested on fraud charges. One problem seems to be that there is so much fraud in Silicon Valley and San Francisco that the young millennial agents seem a bit overwhelmed. This is further complicated by an anti-SLAPP law that

10

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

argues that whistleblower who seek to cooperate with Federal agents are being told they can be banned from requesting police reports out of a matter of public interest.

37. All of the fraud would collapse if the Federal courts declared the California use of anti-SLAPP law as unconstitutional and Republican opponents were allowed to run for office and assemble without the rigging of GOP delegates by Democrat donors.

38. The Plaintiff believed the lower court ruling in CIV492126 banning him from running for office or reporting fraud and requesting police reports blocked his constitutional right to assemble and free speech. He decided to defy the anti-SLAPP law and go to the California Republican Party convention as a certified Republican candidate for California Lieutenant Governor and informed the local District Attorney and California Attorney General about the fraud and his intent to attend the GOP convention to run for office and expose fraud. The District Attorney was sympathetic to the Plaintiff but basically explained that the California Attorney General had his own "pet issues" and was simply going to decide what laws to enforce and not enforce and the general policy was not to cooperate with the Trump administration, Federal law or any Republicans.

39. When the Plaintiff showed up at the CAGOP Convention he was told he was not allowed to attend, though plenty of Democrats who supported Obama were allowed into the convention. The Plaintiff argued that as a registered Republican candidate for California Lieutenant Governor who had received over a half million votes, and would have won, had endorsements not been rigged and Democrats allowed to run as Republicans, that he had a right to attend the California Republican convention, which was open to all registered Republicans, and announce his run for Vice Chair of the CAGOP in 2019.

40. The Plaintiff was told that due to anti-SLAPP it was a matter of public interest that he not be allowed to run for office and he would be arrested and banned for life from attending political events in California citing the judge's ruling in lower court CIV492126.

41. Police were called to arrest the Plaintiff and he was cited with Trespassing and was told he was banned for life for running for office in California.

11
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

42. The Plaintiff's position is that the use of anti-SLAPP to allow Democrat donors to arrest and ban Republican opponents who sought to attend their own Republican events in California violates Republicans' first amendment right to free speech and right to assemble.

43. California anti-SLAPP should be declared unconstitutional.

## CAUSES OF ACTION

### COUNT I

### Violation of the First Amendment (Retaliation) 42 U.S.C. § 1983

44. The First Amendment prohibits laws enacted for the purpose of discriminating or retaliating against an individual for his politics or speech.

45. The California anti-SLAPP law violates the First Amendment as it singles out Plaintiff David Douglas Fennell because he is a Republican and a political opponent. It was enacted to retaliate against the Plaintiff because of his effort to report white-collar crime, his policy positions, his political beliefs, and his protected speech.

**WEREFORE**, Plaintiff asks this Court to enter judgement in his favor and provide the following relief:

    a. A declaratory judgement that the California anti-SLAPP statute (CCP § 425.16) violates the First Amendment of the US Constitution.

    b. A permanent injunction prohibiting Defendants from implementing and enforcing the California anti-SLAPP statute.

    c. A temporary restraining order and preliminary injunction granting the relief including an order to temporary block anti-SLAPP Motions against the Plaintiff in lower court case CIV492126 and motions to dismiss without allowing Discovery which would prove $44 Million in FDIC bank fraud, money laundering and political influence peddling.

    d. A declaration requiring Republicans and whistleblowers to be able to get police reports in California without court orders. Democrats are not required to get court orders and clearly if Republicans were inside California Democrat offices committing fraud Democrat California Attorney General Xavier Becerra would have them arrested. This California policy requiring Republicans and not Democrats to get court orders for police reports clearly violates the equal protection clause of the constitution.

    e. A declaration reversing the Trespassing ban placed on the Plaintiff as a Republican from attending Republican events particularly events held at the Sacramento County Convention Center the site of California Republican Party conventions.

    f. Plaintiffs' reasonable costs and expenses, including attorneys' fees; and

    g. All other preliminary and permanent relief that Plaintiff is entitled to and to which this Court deems is just and proper.

Dated: Feb 29, 2020

Respectfully submitted,

David Douglas Fennell
101 Broadway, Suite 222
Oakland, CA 94607
Phone: (916) 307-6918

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF